C. W. Laughinghouse and Ruby E. Laughinghouse, his wife v. Commissioner.
C. W. Laughinghouse & Ruby E. Laughinghouse v. Commissioner
Docket No. 26282.
United States Tax Court
1953 Tax Ct. Memo LEXIS 23; 12 T.C.M. (CCH) 1410; T.C.M. (RIA) 53405; December 14, 1953
*23 Income. - Correct income for taxable year determined. Claude L. Gray, Esq., Box 433, Orlando, Fla., and Dorothea Watson, Esq., for the petitioners. D. Z. Cauble, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined the following deficiencies for the year 1944: 50% addition to
Income tax
tax (Sec. 293)
$13,212.13
$6,606.07
These deficiencies were determined by the increase in net worth method. The petitioners alleged error in three respects: (1) that the respondent should not have included $10,000 in cash because that amount was a gift; (2) that no basis existed for additions to tax for fraud; and (3) that the respondent improperly treated a "container liability account" carried on the books of the petitioner C. W. Laughinghouse's sole proprietorship in arriving at income by the net worth method. The respondent on brief has conceded the first two errors and the third is the only remaining issue for decision. Our findings of fact will be confined to that issue. Findings of Fact The petitioners are husband and wife. They filed their income tax return for 1944 *24 with the collector of internal revenue in Jacksonville, Florida. C. W. Laughinghouse, hereafter called the petitioner, was engaged in business as a wholesale beer and wine distributor during 1944 in Orlando, Florida. The business was operated as a sole proprietorship. On September 30, 1944, this business was discontinued and sold to the petitioner's brother for $26,494.94. The sale among other things included the beer and wine stocks on hand and other inventories. The petitioner's brother assumed the liability designated "container liability" described below. There was no further accounting between the petitioner and his brother other than payment of the purchase price. When beer and wine were shipped to the petitioner by the manufacturer, the petitioner was required to make a deposit with the manufacturer on the containers. When the petitioner then sold the beer and wine to customers in the containers, the customers in turn made deposits with the petitioner covering the containers. The entry on the books of the petitioner reflecting his purchases of beer and wine and the container deposit made by him would be a debit to merchandise inventory, a debit to the "container stock" account *25 and a credit to cash. When the petitioner sold merchandise to retailers in the containers and received container deposits, the book entry reflecting the transaction would be a debit to cash and credits to merchandise inventory, gross profit and "container liability." The "container liability" account represents deposits which trade customers had made with the petitioner on the containers. On July 8, 1946, the petitioner had his bookkeeper prepare net worth statements for 1943 and 1944. These statements were compiled from the petitioner's books and other information furnished by the petitioner. They were submitted to the respondent's agents and contained the following items: Item
12-31-43
12-31-44
Cash
$ 11.92
$ 21,200.00
First National Bank - Orlando
1,020.32
40,499.38
First National Bank (Mrs. C. W. L.)
10,000.00
Accounts Receivable
1,340.18
Keg Memo
3,804.00
U.S. War Bonds
3,750.00
3,750.00
Del. Equip. - Old
464.58
Del. Equip. - New
4,050.50
Trucks
1,322.17
Furniture and Fixtures
177.05
Wine Equipment
424.77
Draught Beer Equipment
133.77
Meter Deposits
20.00
Container Stock.05
580.30
Container Stock Beer Cs & B.
10,835.08
Container Stock Kegs
6,840.00
Inventory Beer
6,085.14
Inventory Wine
12,949.75
Whiskey and Wine
400.00
Elwood Street Lot
450.00
520.00
N. Westmoreland Residence
7,600.00
2 40-Acre Tracts Land
1,100.00
1,100.00
Winter Park Home
34,000.00
34,000.00
1940 Buick Sedan
275.00
1939 La Salle Car
791.68
1941 4-Door Buick
1,275.00
1941 4-Door Packard
1,200.00
$96,704.04
$115,266.55
Accounts Payable
$11,096.46
Balance 1943 Income Tax
3,374.09
Notes Payable - C. T. Laughinghouse
7,000.00
$ 7,000.00
Container Liability.05
286.05
Container Liability.50
6,579.51
Container liability Keg Memo
3,804.00
Reserve for Deprec. Trucks
3,407.24
Reserve for Deprec. Wine Equip.
374.69
Reserve for Deprec. 1940 Buick
0
Reserve for Deprec. 1939 La Salle
0
Mortgage Pay. Winter Park Home
21,431.70
20,800.00
1944 Unpaid Income Tax
13,279.93
Net Worth
39,350.30
74,186.62
$96,704.04
$115,266.55
[Italics supplied.]
*26 The petitioner's books and records did not reflect certain substantial items of income not in controversy here. The respondent determined the deficiencies set forth in our preliminary statement by the net worth method using the net worth statements submitted by the petitioner as a starting point. In the statement accompanying the notice of deficiency the following explanation of adjusments is made: "(a) Taxable income has been adjusted on the basis of increase in net worth plus expenditures during the year, computed as follows: "Increase in cash
$70,742.23
Purchase of trucks
885.00
Purchase of autos
2,924.47
Purchase of live stock
158.50
Reduction accounts
payable
8,666.46
Reduction container
liability
6,865.56
Reduction mortgage
payable
631.70
Income tax payments
$15,474.25
Living expenses
4,000.00
Personal expenditures
389.36
50% of capital loss not
allowable
547.50
$111,285.03
"Less: Reduction of inven-
tories
$36,890.27
Reduction wine and
beer equipment
558.54
Reduction meter de-
posit
20.00
Reduction furniture
and fixtures
177.05
Reduction accounts
receivable
1,340.18
Reduction real estate
8,225.00
Increase in deprecia-
tion reserve
706.52
47,917.56
Taxable net income
$63,367.47
Per original return
47,997.85
Additional income
$15,369.62"
*27 The item of $36,890.27 which is reflected in the statement to the notice of deficiency as being a reduction in inventory represents a total figure with components as follows: Beer at 12-31-43
$ 6,085.14
Wine at 12-3143
12,949.75
Container stock (.05) at 12-31-43
580.30
Container stock (.50) at 12-31-43
10,835.08
Container kegs at 12-31-43
6,840.00
37,290.27
Less: Whiskey on hand 12-31-44
400.00
Total inventory
$36,890.27
The respondent determined that the petitioners had living expenses and personal expenditures during the taxable year 1944 in the amounts of $4,000 and $389.36, respectively. In computing the petitioner's increase in net worth for the taxable year 1944, the respondent allowed the reduction in the "container stock" account ($11,415.38 contained in inventories in the statement attached to the notice of deficiency) and increased income by the reduction in the "container liability" account. The petitioners' correct taxable income for the year 1944 was in the amount of $53,367.47. Opinion We think the respondent was correct in treating the "container liability" account as he did in arriving at the petitioner's income for 1944 by *28 the net worth method. The gist of the petitioner's argument that the treatment was erroneous rests in his assertion that the account was merely one of convenience, that it did not represent a true liability and that the respondent's treatment was tantamount to erroneously treating the amount of the account as taxable income to the petitioner. The respondent's argument on this point effectively meets the petitioner's contention and we adopt it for the purpose of this opinion. It runs as follows. On the petitioner's balance sheet and his net worth statement as of December 31, 1943, the "container stock" account represented the amount on deposit with the manufacturer for containers received. On the other hand, the "container liability" account was a liability account and represented deposits received by the petitioner from retailers. At December 31, 1943, the balance in the "container stock" accounts was $11,415.38 while the balance in the "container liability" accounts was $6,865.56. Since the business was sold during the taxable year to the petitioner's brother the balance in these accounts at December 31, 1944, on the net worth statement of the petitioner was zero. In computing *29 the petitioner's increase in net worth at December 31, 1944, the respondent has allowed a reduction for decrease in the "container stock" account (contained in inventories in the statement to the notice of deficiency) and has caused an increase in net worth because of the decrease in the liability account. Consistency demands that the asset and liability accounts covering these deposits receive similar treatment. The petitioner's desire to ignore the liability accounts while giving full weight to the asset accounts is completely inconsistent. If his position to the effect that these accounts were only accounts of convenience was well taken it would appear that he would also seek to treat the "container stock" account as one of convenience. If the petitioner is contending that the accounts should be eliminated, an elimination of both the asset and liability accounts from the net worth statement at December 31, 1943, would result in a greater increase in net worth for the year 1944 than the respondent has presently determined. These accounts do not, in any event, enter into the determination of net worth at December 31, 1944. However, to eliminate at December 31, 1943, the "container *30 asset" account of $11,415.38 and the "container liability" account of $6,865.56 would reduce the net worth at that date by the difference of $4,549.82 with a corresponding increase in income for the year 1944. The petitioner also argues that the asset and liability accounts covering these containers are offsets. He fails to concede that the offset has been made by the respondent. In the statement attached to the notice of deficiency the computation is clearly set out. The asset account is contained in the inventories which are reduced by $36,890.27 and the reduction in the liability account is shown as such. The result would be the same if the computation shown in the statement to the notice of deficiency had contained a breakdown of inventory and a reduction of the "container liability" accounts from the "container stock" accounts. For the above reasons we are of the opinion that the petitioner has failed to demonstrate error in the respondent's determination with reference to the "container liability" account. Decision will be entered under Rule 50.